```
_____ FILED _____ LODGED
          _____ RECEIVED
        Jun 04, 2025
        CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

Magistrate Judge Grady J. Leupold

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES ETHAN FIELDS and

LEVI AUSTIN FRAKES,

Defendants.

CASE NO.  MJ25-5218

COMPLAINT for VIOLATION

18 U.S.C. §§ 2111, 113(a)(6), 641, 7(3), and 2

BEFORE Magistrate Judge Grady J. Leupold, United States Magistrate Judge, United States Courthouse, Tacoma, Washington, the undersigned complainant being duly sworn states:

## COUNT ONE

### (Robbery)

On or about June 1, 2025, at Joint Base Lewis-McChord, in the special maritime and territorial jurisdiction of the United States, and within the Western District of Washington, CHARLES ETHAN FIELDS and LEVI AUSTIN FRAKES, by force and

1  violence and by intimidation, did take and attempt to take from the person and presence
2  of Victim 1, property of value belonging to the United States Army.
3      All in violation of Title 18, United States Code, Sections 2111, 7(3), and 2.

4  ## COUNT TWO

5  ### (Assault)

6      On or about June 1, 2025, at Joint Base Lewis-McChord, in the special maritime
7  and territorial jurisdiction of the United States, and within the Western District of
8  Washington, CHARLES ETHAN FIELDS and LEVI AUSTIN FRAKES did assault
9  Victim 1, such assault resulting in serious bodily injury.
10      All in violation of Title 18, United States Code, Sections 113(a)(6), 7(3), and 2.

11  ## COUNT THREE

12  ### (Theft of Government Property)

13      On or about June 1, 2025, at Joint Base Lewis-McChord, in the special maritime
14  and territorial jurisdiction of the United States, and within the Western District of
15  Washington, CHARLES ETHAN FIELDS and LEVI AUSTIN FRAKES, willfully and
16  knowingly did steal and purloin, and attempt to steal and purloin, four ballistic plates and
17  other military hardware, of a value exceeding $1,000, of the goods and property of the
18  United States.
19      All in violation of Title 18, United States Code, Sections 641, 7(3), and 2.
20
21      I, Christopher J. Raguse, a Special Agent with the Department of the Army
22  Criminal Investigation Division (DACID) at Joint Base Lewis-McChord, Washington
23  (JBLM), having been first duly sworn, hereby depose and state as follows:

24  ## AFFIANT BACKGROUND & INTRODUCTION

25      1.    I have been an accredited Federal Special Agent with the DACID since
26  January 2022. I received my law enforcement certification in December 2021 upon
27

Complaint - 2
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

completion of the US Army Criminal Investigation Division Special Agent Course, a
Federal Law Enforcement Training Center (FLETC) accredited course.

2.     In 2022, I attended 160-hours of additional course work focused on
Domestic Violence Intervention, Child Abuse Prevention and Investigative Techniques,
and Structured Child Interviews which outlined the National Institute of Child Health and
Human Development (NICHD) child interview guidelines.

3.     In 2023, I completed 240-hours of additional course work focused on
Advanced Crime Scene Investigative Techniques, Protective Services, and Special
Victims Capability Investigations. During my course of employment with the above
agency, I have handled numerous criminal investigations. Those investigations have
included deaths, assaults, child assaults, and crimes against persons.

4.     The facts set forth in this Complaint are based on the following: my own
personal knowledge; knowledge obtained from other individuals during my participation
in this investigation, including other law enforcement officers; interviews of witnesses;
my review of records related to this investigation; communications with others who have
knowledge of the events and circumstances described herein; and information gained
through my training and experience.

5.     Because this Complaint is submitted for the limited purpose of establishing
probable cause, it does not set forth each and every fact that I or others have learned
during this investigation. I have set forth only those facts that I believe are
relevant to the determination of probable cause to believe that CHARLES ETHAN
FIELDS and LEVI AUSTIN FRAKES committed the crimes of Robbery, Assault, and
Theft of Government Property, in violation of Title 18, United States Code, Sections
2111, 113(a)(6), 641, 7(3), and 2.

6.     This Complaint is being presented electronically pursuant to Federal Rules
of Criminal Procedure 4.1 and 41(d)(3).

Complaint - 3
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

1

## STATEMENT OF PROBABLE CAUSE

2   5.     At about 8:05 PM on June 1, 2025, CHARLES ETHAN FIELDS and LEVI

3   AUSTIN FRAKES entered JBLM through the Liberty Gate. Scans of their identification

4   documents were approximately two seconds apart, indicative of them being in the same

5   vehicle while entering JBLM. Surveillance footage shows a Toyota 4Runner entering

6   JBLM through the gate when FIELDS and FRAKES' identification documents were

7   scanned. A records check identified a 1997 Toyota 4Runner bearing Washington license

8   plate CFN6396 is registered to FRAKES. Records also show FIELDS has a 4Runner

9   registered in his name.

10   5.     About an hour later, at 9:00 PM, Victim 1, a member of the United States

11   Army, entered the Charlie Company – 75th Ranger Central Operations Facility ("the

12   Ranger compound"), located on JBLM in the exclusive jurisdiction of the United States.

13   As Victim 1 would later explain, upon entering the facility, Victim 1 encountered two

14   unknown persons inside. The two were partially masked and were wearing Ranger

15   physical fitness attire. Victim 1 questioned the two persons about their presence in the

16   compound and observed U.S. Army property clustered around them. Victim 1 directed

17   the two persons to pull their masks down, which they did. During continued questioning

18   from Victim 1 about the two persons' presence in the compound, a fight ensued, at which

19   point one of the unknown persons brandished a hammer and used it to assault Victim 1,

20   striking Victim 1 in the head and torso, causing bodily harm and a large amount of blood

21   loss. Victim 1 was able to fight the attackers and gain control of the hammer.

22   Subsequently, one of the unknown persons then brandished a knife. At that point, Victim

23   1 surrendered. The unknown persons fled the building, with U.S. Government property,

24   and then fled the Ranger compound. Surveillance video captured the unknown persons

25   fleeing the area on foot while carrying rucksacks. While fleeing, the unknown persons

26   dropped one rucksack outside the building, and then a second rucksack near the main

27

Complaint - 4
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

gate of the compound. During the assault, one of the unknown persons dropped a hat,
which had the name "FIELDS" handwritten on the inside. Surveillance photographs of
the two unknown persons going to and from the Ranger compound where the assault and
theft occurred appear below, as does a photograph of the hat.



Complaint - 5
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

1
2
3
4
5
6
7
8
9



10   6.     Military Police responded just after 10 PM. Victim 1 was subsequently
11  transported to Madigan Army Medical Center for evaluation of injuries. The photographs
12  below were taken while Victim 1 was at the hospital.
13
14
15
16



17
18
19
20
21
22
23   7.     Department of the Army Criminal Investigation Division (DACID) special
24  agents responded to the Ranger compound at about 9:00 AM the next morning, June 2,
25  2025. Investigators conducted a crime scene examination and collected a cut piece of a
26  lock and a bolt cutter as evidence. I believe the two unknown persons had likely used the
27

Complaint - 6
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

bolt cutter to gain access into the facility. DACID also collected disposable face masks and latex gloves from the scene. Investigators identified blood on the rucksack bag that the two persons had dropped outside the compound; some contents of the rucksack had spilled onto the ground and DACID determined that the two unknown persons had attempted to steal approximately $14,000.00 of U.S. Government property, most of which was recovered at the scene. That property consisted of ballistic helmets, rifle plates, and communications equipment. The ballistic plates alone are valued at approximately $6,200.

8.      At about 12:00 PM, DACID conducted a records check of FIELDS (the name handwritten on the inside of the hat found at the crime scene) and identified him as having entered JBLM at 8:05 PM the night before (with FRAKES). Investigators also learned FIELDS had a listed residence with the Washington Department of Licensing in Lacey, Washington. FRAKES also has a Washington driver's license with a registered address at the same residence in Lacey. A record check of personnel records maintained by the Department of Defense showed FIELDS and FRAKES residing at the same address in Lacey. DoD records also showed FIELDS and FRAKES previously served in the military.

9.      DACID agents then conducted surveillance at the Lacey address and observed a black Toyota 4Runner arrive at the residence and park in the driveway at approximately 12:45PM. The vehicle was identified as being registered to FIELDS.

10.     Other agents interviewed Victim 1 that afternoon. During the interview, Victim 1 stated that had asked around his unit about the name FIELDS, based on the hat that was left at the scene. Victim 1 learned that FIELDS had been assigned to the Ranger Battalion around 2021 and was shown a photo of FIELDS by other persons in his unit. From that photo, Victim 1 identified FIELDS as one of the unknown persons who had assaulted him the night before.

Complaint - 7
United States v. Fields and Frakes

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

11.     Later that day, DACID agents requested and obtained a search warrant from Thurston County Superior Court allowing the search of FIELDS' and FRAKES' persons, their residence, and vehicles. State and federal law enforcement officers executed the warrant late in the evening on June 2, 2025, and seized numerous items of evidence, including, but not limited to, approximately 35 weapons, including rifles, pistols, short-barreled rifles, and an MG32 machine gun; weapons suppressors (i.e., silencers), some of which appear to have been 3D-printed; military property, including night vision devices, ballistic plates and plate carriers, and helmets; military munitions; and military explosives such as blasting caps, flashbangs, and smoke grenades. During the search of the residence, law enforcement observed numerous Nazi/white supremacy memorabilia, murals, and literature in every bedroom and near several stockpiles of weapons and military equipment. Agents also seized personal electronic devices, clothing believed to have been worn during the assault on Victim 1, and approximately $24,000 in cash. Agents were able to identify some of the seized items as military property due to the serial numbers and other markings on the items. I know, based on my training and experience, that some of the military items agents recovered are unlawful to possess without unique permission from the DoD and some of the items are so restricted that active duty military members are not permitted to have or store them in their personal residences. Photos of some of the seized evidence (including a pair of boots with bloodstains on them) appear on the following page.

Complaint - 8
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27








Complaint - 9
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800








12.     Agents provided FIELDS and FRAKES with their *Miranda* warnings, and one of the men agreed to speak with agents. In a recorded statement, the man acknowledged both of them (FIELDS and FRAKES) had been stealing military property from the Ranger compound for about two years, to later sell or trade. The man admitted

Complaint - 10
*United States v. Fields and Frakes*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

1  both of them were on JBLM at the Ranger compound on June 1 to steal additional items,

2  and a fight ensued with Victim 1.

3      13.    FIELDS and FRAKES were arrested and booked into Thurston County Jail.

4  At a hearing in Thurston County Superior Court on June 3, 2025, a judge set bail for each

5  at $500,000 and ordered that, if released, FIELDS and FRAKES were to be under house

6  arrest with an ankle monitor and to have no contact with each other.

7      14.    Based on my training and experience as a DACID Special Agent and the

8  information contained in this Affidavit, I submit there is probable cause to believe that

9  CHARLES ETHAN FIELDS and LEVI AUSTIN FRAKES engaged in and attempted to

10 engage in the offenses of Robbery, Assault, and Theft of Government Property, all within

11 the special and maritime jurisdiction of the United States (i.e., JBLM) in violation of

12 Title 18, United States Code, Sections 2111, 113(a)(6), 641, 7(3), and 2.

RAGUSE.CHRIS    Digitally signed by
TOPHER.10675    RAGUSE.CHRISTOPHER.10
43633           67543633
                Date: 2025.06.04 09:40:59
                -07'00'

_____

CHRISTOPHER J. RAGUSE
Special Agent, Department of the Army,
Criminal Investigation Division

        Based on the Complaint sworn to before me, and subscribed in my

presence, the Court hereby finds that there is probable cause to believe the Defendants

committed the offenses set forth in the Complaint.

        Dated this 4th day of June 2025.

_____

GRADY J. LEUPOLD
United States Magistrate Judge